Curia, per

Evans, J.
The facts of these cases are, the defendant was sued on two notes, as the endorser of one Boyd. *On the trial, witnesses were examined on both sides; those for the plaintiff declaring their belief that the signature was the defendant’s, and those for the defendant, that the signatures were forged. A bundle of other notes were handed to a witness for the defendant. He proved them to be genuine, and then pointed out to the jury the difference of Millar’s signature to those notes and the signatures on the disputed notes. When *83 the jury retired to their room, they were allowed to take the bundle of «otes with them, “ that they might compare the handwriting of them with the handwriting of the notes in suit, with a view to test the accuracy of Young’s (the witness for defendant,) testimony.” The admissibility of this evidence, and its being allowed to go to the jury room, are the grounds upon which the case comes to this Court.
See Desbrow vs. Farrow, 3 Rich. 383. An.
The general principle is to be found in all the elementary books, in Starkie and Peake, that mere comparison of handwriting, by juxtaposition, is inadmissible ; that is, where the witness has no knowledge on the subject, he shall not be allowed to prove a signature genuine or false, by comparing it with what another witness proves to be the true signature. Admitting the principle to be correct, that such evidence is inadmissible in the first instance, yet, in a case of conflicting evidence, this kind of evidence was admitted in the case of Plunket & Bowman, (a) not as original, but as confirmatory evidence, to enable the jury to decide upon which of the witnesses they could most confide. In a practice of many years, I have not known the admissibility of this kind of evidence, for the purposes above stated, questioned. I have made these remarks because this question was much discussed by both sides, on the argument. The case itself may be decided on a ground entirely independent. The question was, whether the note was endorsed by the defendant ? The witnesses on both sides were acquainted with the handwriting of Millar. The witness, Young, testified the signature was not Millar’s. He was well acquainted with handwriting. The object, as 1 understood the report of the Recorder, of submitting the notes to the witness was, that he might point out to the jury the difference between the notes in dispute and the genuine signatures, and in this way to test the accuracy of bis opinion that the notes were forged. If the notes were admissible for this purpose, I can see no reason why they should not be sent *to the jury, (b) It is the usual practice to send all written or documentary evidence to the the jury, unless there is some confusion in it likely to mislead.
The motion is dismissed.
Gantt, O’Yeael, Eakle, and Richardson, JJ., concurred.

 2 McC. 518; Post 473. An.

 See 10 Rich. 214. An.